The opinion of December 17, 1999, is withdrawn, and the following is substituted therefor.
Mark Mangiafico and Vicki Mangiafico, d/b/a Precision Tune, and AnniTune, Inc. (all hereinafter referred to as "Mangiafico"), appeal from the trial court's *Page 1104 
judgment dismissing their action against John H. Street, Jr., and John H. Street, Sr. (together hereinafter referred to as "Street"), for failure to initiate arbitration. We affirm.
In 1994, Mark and Vicki Mangiafico purchased a corporation known as AnniTune, Inc., from David Gremaud; in doing so, they assumed a lease agreement previously executed by Gremaud, as lessee, and Street, as lessor. Included in the terms of the lease was a provision prohibiting Street from subleasing to a like-kind competitor of AnniTune any portion of certain premises where the AnniTune business was located.[1] In 1995, Street leased space in a portion of the premises to a person operating a business called "Tommy Griffith Auto Repair." Mangiafico and Street renewed the lease on July 30, 1996; however, shortly after renewing the lease, Mangiafico filed for bankruptcy protection. Mangiafico did not disclose any claim against Street as a potential asset in any of the documents executed during the bankruptcy proceeding. Mangiafico was discharged from all debts under Chapter 7 of the Bankruptcy Code on June 20, 1997.
In February 1998, Mangiafico sued Street, alleging breach of the lease agreement. Street filed a motion to dismiss, based on the doctrine of judicial estoppel, and also moved to compel arbitration, pursuant to the following arbitration provision found at paragraph 23(m) of the lease agreement:
 "Any controversy between the parties hereto involving the construction or application of any of the terms, covenants or conditions of this Agreement that may properly be submitted to arbitration shall, on the written request of one of the parties, be submitted to binding arbitration in Anniston, Alabama, before a panel of not more than three (3) arbitrators and such arbitration shall comply with and be governed by the Commercial Arbitration Rules of the American Arbitration Association."
On July 23, 1998, the trial court granted the motion to compel arbitration, stating in its order:
 "This matter comes before the Court on the defendants' Motion to Dismiss or in the Alternative Motion to Compel Arbitration which was filed on or about April 6, 1998. After consideration of all pleadings submitted by the parties, the Court finds the defendants' motion to compel arbitration to be well taken. Therefore, for good cause shown, the motion to compel arbitration is due to be, and is hereby, GRANTED.
 "Insofar as the motion seeks the alternative remedy of dismissal, the motion is MOOT, said issues or defenses being referred to arbitration for consideration therein.
 "Plaintiffs have thirty days from the date of this Order in which to initiate arbitration proceedings pursuant to the Commercial Arbitration Rules of the American Arbitration Association as required by the agreement made the basis of this action. Plaintiffs are directed to advise this Court in writing of their instigation of the arbitration process within thirty days of this Order; otherwise this action will be dismissed with prejudice. If plaintiffs properly initiate arbitration proceedings within thirty days, this case will be stayed and placed on the Court's administrative docket. The Court will retain jurisdiction of this matter for purposes of entering judgment upon any arbitration award or decision." *Page 1105 
(Emphasis added.) On August 14, 1998, Mangiafico filed a motion to extend the time for initiating arbitration. The basis for this request was a statement that another action was pending that Mangiafico said involved "the identical issues that are the basis of the arbitration that this court has ordered Plaintiff to initiate." Mangiafico did not initiate arbitration within the 30 days set by the July 23, 1998, order. The court, on August 25, 1998, entered the following order dismissing Mangiafico's action:
 "Upon a review of the Plaintiff's Motion to Extend Time to Initiate Arbitration, and upon further review of the Court file, including the Defendants' Motion to Dismiss and the Plaintiffs' response thereto, this Court is of the opinion that the Defendants' Motion to Dismiss should be and hereby is GRANTED. All claims against the Defendants are dismissed with prejudice, with costs taxed to the Plaintiffs, for which let execution issue."
Mangiafico appealed from that judgment of dismissal. Mangiafico appears to argue that the dismissal denied Mangiafico the contractual right to arbitration and thus was an abuse of the trial court's discretion.
Street argues, among other things, that Mangiafico failed to demonstrate that the trial court abused its discretion in dismissing the case after Mangiafico had failed to initiate arbitration proceedings within the 30-day period. We agree.
It is well established that a trial court must be vested with the authority "to manage its affairs in order to achieve the orderly and expeditious disposition of cases." Iverson v. XpertTune, Inc., 553 So.2d 82, 87 (Ala. 1989). Further, it is not an abuse of discretion for a trial court to hold the parties to the terms of its order. Eastern Dredging Constr., Inc. v.Parliament House L.L.C., 698 So.2d 102, 104 (Ala. 1997). The trial court gave Mangiafico specific notice that arbitration was to be initiated within 30 days. Twenty-two days later, Mangiafico moved to extend the time for initiating arbitration. The trial court did not rule on the motion before the expiration of the 30-day period. Mangiafico failed to initiate arbitration, despite the clear language in the trial court's order indicating that the case would be dismissed if arbitration proceedings were not begun within 30 days. Because Mangiafico did not commence arbitration as ordered by the terms of the July 23, 1998, order, the trial court, acting within its discretion and authority to manage the cases before the court, properly dismissed the case.
The judgment of dismissal is affirmed.
OPINION OF DECEMBER 17, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
Hooper, C.J., and Houston and See, JJ., concur.
Maddox and Lyons, JJ., concur in the result.
Johnstone and England, JJ., dissent.
[1] The lease agreement included the following provision:
 "AGREEMENT NOT TO COMPETE: Lessor shall not, at any time during the term thereof, if Lessee is not in default hereunder, sublease any portion of the property within Block 23 north of the premises leased herein to any person or entity engaging in the business of domestic and foreign automotive oil changes and lubrication, automotive tune-ups and diagnosis, . . . carburetion and fuel injection repairs and computerized engine control repairs."