This is an appeal from a dismissal for a failure to prosecute. Paula J. Stephenson *Page 308 
sued Merrill Lynch, Pierce, Fenner Smith, Inc. ("Merrill Lynch"), on March 21, 2002, alleging that Merrill Lynch was liable for both negligence and the breach of a contract with her regarding the management of her financial accounts. Merrill Lynch moved to compel arbitration and for a stay of the action pending arbitration. On June 4, 2002, the trial court granted that motion, noting that "this case is held in abeyance while the parties arbitrate the case." No other motions were filed and no other actions were taken in the case until February 16, 2005, when the trial court, sua sponte, entered an order stating, "[t]his case is hereby dismissed for lack of prosecution." Stephenson timely appealed to our supreme court, which transferred this case to this court, pursuant to §§ 12-2-7(6), Ala. Code 1975. We reverse the trial court's judgment.
In Smith v. Wilcox County Board of Education,365 So.2d 659 (Ala. 1978), our supreme court set forth the standard of review applicable to a dismissal, pursuant to Rule 41(b), Ala. R. Civ. P., for failure to prosecute:
 "The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970); Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).
 "Therefore, appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside. 9 Wright Miller, Federal Practice Procedure, §§ 2370, p. 203, n. 1; see, e.g., Connolly v. Papachristid Shipping, Ltd., 504 F.2d 917
(5th Cir. 1974); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.), cert. den., 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).
 "The Fifth Circuit Court of Appeals follows the rule that a trial judge may dismiss with prejudice an action 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.' Durham v. Florida East Coast Ry. Co., supra, followed in Pond v. Braniff Air-ways, Inc., 453 F.2d 347 (5th Cir. 1972); Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976). Several other circuits follow that rule. See 9 Wright Miller, Federal Practice Procedure, §§ 2369, p. 194-95, n. 70. Other courts refer to a 'serious showing of willful default.' Gill v. Stolow, 240 F.2d 669
(2nd Cir. 1957); Dabney v. Burrell, 67 F.R.D. 132 (D.Md. 1975).
 "Consequently, it appears that the plaintiffs conduct must mandate the dismissal. Brown v. Thompson, supra."
Smith, 365 So.2d at 661. Additionally, although it is true that a lengthy period of inactivity may justify a dismissal, such "a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal." Smith, 365 So.2d at 662. In short, a Rule 41(b), Ala. R. Civ. P., dismissal will only be reversed for an abuse of discretion. Atkins v. Shirley,561 So.2d 1075, 1077 (Ala. 1990). Therefore, we must determine whether the trial court's dismissal with prejudice is supported by the evidence in the record. Nash v. Cosby, 597 So.2d 209,210 (Ala. 1992).
If there is a clear record indicating that Stephenson caused a delay or committed contumacious conduct, then it would appear that such conduct would mandate a dismissal. Smith,365 So.2d at 661. How-ever, there is no such evidence in the record. Although there were no new filings *Page 309 
in the case following the trial court's order compelling arbitration, that fact alone does not constitute a record of delay or contumacious conduct. Indeed, the trial court's order on June 6, 2002, compelling arbitration specifically stated that the case "is held in abeyance while the parties arbitrate the case." Although there is nothing in the record to indicate whether the parties actually arbitrated the case, there was not sufficient evidence for the trial court to sua sponte dismiss the case for a lack of prosecution. The record simply does not reflect the status of the matters the parties were ordered to arbitrate.
Additionally, there are several practical considerations that weigh in favor of not dismissing with prejudice a case with circumstances such as these. As our supreme court observed in Mostella v. N N Motors, 840 So.2d 877
(Ala. 2002) (abrogation on other grounds recognized in WolffMotor Co. v. White, 869 So.2d 1129, 1135 n. 7 (Ala. 2003)):
 "When a trial court enters an order compelling arbitration, a stay of the proceedings in the trial court during the pendency of the arbitration protects the plaintiff from facing the prospect of the expiration of an applicable statute of limitations or from paying another filing fee in the event future legal proceedings become necessary."
840 So.2d at 880. Moreover, "when a trial court compels arbitration, that court is required by federal statute to stayall proceedings, see 9 U.S.C. §§ 3, including discovery . . . as to any claims that fall within the scope of an arbitration clause." Owens v. Coosa Valley Health Care,Inc., 890 So.2d 983, 990 (Ala. 2004).
Finally, although Merrill Lynch argues that there is a clear record of delay in this case, the cases it cites for that proposition are unpersuasive. In Mangiafico v.Street, 767 So.2d 1103 (Ala. 2000), the trial court gave the plaintiffs specific notice that arbitration was to be initiated within 30 days and instructed the plaintiffs to notify the court of that commencement. 767 So.2d at 1105. When the plaintiffs failed to initiate arbitration, the trial court acted within its discretion and authority to dismiss the case.Id. In this case the trial court's order did not set a specific time in which Stephenson had to initiate arbitration, nor did it order Stephenson to report when she did initiate arbitration. Perhaps most importantly, the record does not indicate that Stephenson, in fact, did not initiate arbitration.
Similarly, Jones v. Merrill Lynch, Pierce, Fenner Smith, Inc., 604 So.2d 332, 341 (Ala. 1991) also presents a different situation than the one we address in this case, and thus it is not dispositive. In Jones, the plaintiff refused to sign the necessary agreement to initiate arbitration. 604 So.2d at 341. Our supreme court affirmed the dismissal in that case but also noted that its "holding is specifically conditioned, however, upon the willingness of the [entity designated to conduct the arbitration] to take jurisdiction of the plaintiffs claims and to reopen her case. Otherwise, the judgment will be reversed and the cause remanded for trial on the plaintiffs claims." 604 So.2d at 342. In contrast to the facts in Jones, in this case there is no record indicating that Stephenson ever refused to initiate arbitration. Additionally, the supreme court's holding in Jones might have been different had it not also mandated that the plaintiff have an opportunity to go to trial on the merits of the case if the entity designated to conduct the arbitration did not reopen the case for arbitration. Not only are the cases cited by Merrill Lynch unpersuasive, but our own independent research has not found any controlling authority indicating *Page 310 
that the trial court's decision to dismiss this case should be affirmed.
There is not a clear record indicating that Stephenson caused a delay or committed contumacious conduct, and the facts do not reflect extreme circumstances warranting the drastic sanction of dismissal with prejudice. Therefore, we hold that trial court's dismissal for failure to prosecute was an abuse of its discretion. We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN and BRYAN, JJ., concur.
THOMPSON and MURDOCK, JJ., concur in the result, without writing.