REL:  November 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0323

_____

## Quintella York

### v.

## Auto Net Mobile, LLC, Tarek Al-Sadek, Auto Net 1, LLC, and Adnan Al-Sadek

## Appeal from Mobile Circuit Court
## (CV-22-4)

EDWARDS, Judge.

In June 2021, Quintella York commenced in the Mobile District Court ("the district court") a small-claims action against Auto Net Mobile, LLC.  York later amended her complaint to include claims against Tarek Al-Sadek, Auto Net 1, LLC, and Adnan Al-Sadek.  Her amended

complaint sought damages that exceeded the jurisdictional limit of the district court, see Ala. Code 1975, § 12-12-30 (limiting the jurisdiction of the district court to actions in which the amount in controversy does not exceed $20,000, exclusive of interest and costs), and the action was transferred to the Mobile Circuit Court ("the circuit court") in December 2021. On February 14, 2022, Auto Net Mobile, Auto Net 1, Tarek Al-Sadek, and Adnan Al-Sadek ("the defendants") filed a motion to compel arbitration, which the circuit court granted on April 8, 2022. On December 12, 2022, the circuit court, acting sua sponte, entered an order pursuant to Rule 41(b), Ala. R. Civ. P., dismissing York's action with prejudice for failure to prosecute. York filed a postjudgment motion, in which she argued that she had not caused the delay in the action and that she had repeatedly requested that the defendants begin the arbitration process, to no avail. The circuit court denied York's postjudgment motion, and she then timely filed this appeal.

On appeal, York, relying on Stephenson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 940 So. 2d 307, 308 (Ala. Civ. App. 2006), argues that the circuit court erred in dismissing her action for failure to

prosecute. She contends that the lack of activity in the case for the eight-month period between April 2022 and December 2022 is alone an insufficient basis for the severe sanction of a dismissal with prejudice. We agree.

Rule 41(b) provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

However, a trial court should not dismiss an action merely because there has been a period of delay in activity in the action. "[T]he rule is that a lengthy period of inactivity may justify dismissal in the circumstances of a particular case. Thus, a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal." Smith v. Wilcox Cnty. Bd. of Educ., 365 So. 2d 659, 662 (Ala. 1978). In Stephenson we explained:

"In Smith v. Wilcox County Board of Education, 365 So. 2d 659 (Ala. 1978), our supreme court set forth the standard

3

of review applicable to a dismissal, pursuant to Rule 41(b), Ala. R. Civ. P., for failure to prosecute:

> "'The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970); Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).

> "'Therefore, appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside. 9 Wright & Miller, Federal Practice & Procedure, § 2370, p. 203, n.1; see, e.g., Connolly v. Papachristid Shipping, Ltd., 504 F.2d 917 (5th Cir. 1974); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.), cert. den., 392 U.S. 928, 88 S. Ct. 2287, 20 L. Ed. 2d 1387 (1968).

> "'The Fifth Circuit Court of Appeals follows the rule that a trial judge may dismiss with prejudice an action "only in the face of a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Ry. Co., supra, followed in Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976). Several other circuits follow that rule. See 9 Wright & Miller, Federal Practice & Procedure, § 2369, p. 194-95, n.70. Other courts refer to a "serious showing of willful default." Gill v. Stolow,

4

> 240 F.2d 669 (2nd Cir. 1957); <u>Dabney v. Burrell</u>, 67 F.R.D. 132 (D.Md. 1975).
>
> "'Consequently, it appears that the plaintiff's conduct must mandate the dismissal. <u>Brown v. Thompson</u>, <u>supra</u>.'

"<u>Smith</u>, 365 So. 2d at 661. Additionally, although it is true that a lengthy period of inactivity <u>may</u> justify a dismissal, such 'a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal.' <u>Smith</u>, 365 So. 2d at 662. In short, a Rule 41(b), Ala. R. Civ. P., dismissal will only be reversed for an abuse of discretion. <u>Atkins v. Shirley</u>, 561 So. 2d 1075, 1077 (Ala. 1990). Therefore, we must determine whether the trial court's dismissal with prejudice is supported by the evidence in the record. <u>Nash v. Cosby</u>, 597 So. 2d 209, 210 (Ala. 1992)."

<u>Stephenson</u>, 940 So. 2d at 308.

In fact, the facts of <u>Stephenson</u> are quite similar to those of this case. The plaintiff in <u>Stephenson</u>, Paula Stephenson, had commenced an action against Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), in March 2002 in the Lauderdale Circuit Court ("the trial court"). <u>Id.</u> at 307. Merrill Lynch filed a motion to stay the action and to compel arbitration, which the trial court granted in June 2002. <u>Id.</u> No activity occurred in the case until February 2005, when the trial court, acting sua sponte, entered an order pursuant to Rule 41(b) dismissing

Stephenson's action with prejudice. Id. This court reversed the dismissal order, concluding that the record did not "indicat[e] that Stephenson caused a delay or committed contumacious conduct" and that the facts did not "reflect extreme circumstances warranting the drastic sanction of dismissal with prejudice." Id. at 310.

We perceive no difference between this case and Stephenson, other than the fact that the period of inactivity is markedly less than the nearly three-year period this court concluded was not, alone, sufficient to warrant the sanction of dismissal pursuant to Rule 41(b) in Stephenson. Accordingly, we reverse the December 2022 dismissal order and remand the cause for further proceedings.

REVERSED AND REMANDED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.