Willie J. Huntley, Jr., a defendant in an action filed in the Mobile Circuit Court, appeals the trial court's order denying his motion to compel arbitration and appeals a summary judgment entered for the plaintiff Regions Bank; Regions Bank cross-appeals from the trial court's order denying it an award of attorney fees. Both parties rely on the language of a promissory note executed by Huntley as support for their arguments. We affirm as to Huntley's appeal and reverse and remand as to Regions Bank's cross-appeal.
Huntley and Joe Carl Jordan executed a promissory note to Regions Bank. In pertinent part, that promissory note reads:
 "PROMISE TO PAY. Willie J. Huntley, Jr. and Joe Carl Jordan (`Borrower') promise to pay to Regions Bank (`Lender'), or order, in lawful money of the United States of America, the principal amount of One Hundred Forty Six Thousand Three Hundred Thirty Eight 93/100 Dollars ($146,338.93), together with interest on the unpaid principal balance from September 28, 1999, until paid in full.
 "PAYMENT. Borrower will pay this loan in one principal payment of $146,338.93 plus interest on November 30, 1999. This payment due November *Page 514 
30, 1999, will be for all principal and accrued interest not yet paid. . . .
". . . .
 "DEFAULT. Borrower will be in default if any of the following happens: (a) Borrower fails to make any payment when due. . . .
 "LENDER'S RIGHTS. . . . Upon the occurrence of any other default described in that paragraph [concerning default], Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, without notice, and then Borrower will pay that amount. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit. . . . This Note has been delivered to Lender and accepted by Lender in the State of Alabama. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Mobile County, the State of Alabama. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other. Subject to the provisions on arbitration, this Note shall be governed by and construed in accordance with the laws of the State of Alabama.
". . . .
 "ARBITRATION. Lender and Borrower agree that all disputes, claims and controversies between them, whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of either party. . . . The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision."
On December 21, 1999, Regions Bank sued Huntley and Jordan, alleging that they had defaulted on the note by failing to make payment. The bank alleged that as of December 21, 1999, Huntley and Jordan owed it "a principal balance of $146,338.93, accrued interest of $3,022.31, late fees of $100.00 and reasonable attorneys' fees of $22,404.19, for a total sum of $171,865.43, with interest accruing at the rate of $36.58 per diem thereafter." Jordan answered the complaint on February 18, 2000, denying certain allegations in regard to the note and asserting the defenses of failure of consideration and fraud. The record before this Court gives no indication that Huntley ever filed an answer.
On May 31, 2000, Regions Bank filed a motion for summary judgment, supported by two attached affidavits and an accompanying brief. The first affidavit, from Deborah S. Renfroe, a "special assets officer" for the bank, provided information concerning the promissory note. Attached to Renfroe's affidavit were copies of the promissory note and guaranty agreements that had been separately signed by Jordan and Huntley. The second affidavit was from Alan C. Christian, the attorney representing the bank; it was submitted to support the reasonableness of the attorney fee the bank was requesting. Neither Jordan nor Huntley filed a brief or otherwise made any response in opposition to the bank's summary-judgment motion.
On July 12, 2000, Huntley filed a document entitled "Motion to Dismiss and Motion to Compel Arbitration." Regions Bank correctly responded to this motion by pointing out that it should be treated as a motion to stay proceedings pending arbitration, *Page 515 
rather than as a motion to dismiss. The trial court considered the substance of Huntley's motion. Huntley's motion relied upon the language of the arbitration clause in the note, and Huntley attached to the motion copies of two letters dated March 8, 2000 — one, a letter he had sent to counsel for Regions Bank, and the other, a letter he had sent to the bank's assistant vice president. Both letters stated that Huntley desired to invoke the arbitration clause. Huntley also attached a copy of a March 9, 2000, letter sent by Regions Bank's counsel to Joe Carl Jordan, which referred to the Bank's receipt of Huntley's letter and inquired about Jordan's position on arbitrating this dispute.
On July 13, 2000, Regions Bank filed a motion in response to Huntley's motion to compel arbitration. It argued that the term "Borrower" contained within the promissory note referred to Huntley and Jordan jointly, and that Jordan had not sought to invoke the arbitration clause in the note.[1] Although the bank's filings state that Jordan did not seek, and specifically objected to, invocation of the arbitration clause, the record contains no direct indication of this. However, one could reasonably infer that Jordan did not seek to enforce the arbitration clause, because in his answer he did not deny Regions Bank's statement of the trial court's jurisdiction and he did not file any response to the bank's filings wherein the bank had asserted that Jordan had not invoked the arbitration clause. The bank also argued that Huntley had not properly invoked the arbitration clause because he had not paid the filing fee required under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The bank's motion further argued that Huntley had not made the showing required of one seeking to compel arbitration of a dispute, i.e., a showing of "a contract calling for arbitration and [evidencing] a transaction affecting interstate commerce," quoting TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114
(Ala. 1999).
The case action summary indicates that the trial court denied Huntley's motion to compel arbitration on July 19, 2000. Regions Bank asserts in its appellate brief that the trial court orally communicated its denial to the parties. The scant record before the Court does not show when the trial court made this communication; however, we infer that it was made either on July 19, 2000, at the hearing on the motion to compel arbitration, or on July 21, 2000, at the hearing on Regions Bank's motion for summary judgment. In either event, the record shows no objection by Huntley to the trial court's denial of his motion to compel arbitration. The trial court entered its summary judgment for Regions Bank on July 21, 2000, awarding it $157,618.70, with court costs, against Huntley and Jordan jointly.
 I. Huntley's Appeal
We first address a specific argument made by Regions Bank in regard to the arbitration issue. The bank argues that Huntley did not properly invoke the arbitration agreement because, among other things, he failed to pay the proper filing fee under the AAA's Commercial Arbitration Rules. This Court has previously addressed this specific argument, in Exparte *Page 516 Dan Tucker Auto Sales, Inc., 718 So.2d 33, 36 (Ala. 1998):
 "Rule 6 of the Commercial Arbitration Rules states that `the initiating party (hereinafter claimant)' shall file the `appropriate filing fee' as mandated in the schedule accompanying the rules. That same rule later explains that after the `claimant' has stated the nature of the dispute, the respondent shall file an answering statement and send that statement to the claimant. The word `claimant' is defined in Black's Law Dictionary (6th ed. 1990) as `[o]ne who claims or asserts a right, demand, or claim.' The word `respondent' is defined in Black's as `one who makes an answer to a bill or other proceeding in equity' or one `who contends against an appeal.' Considering these words in light of their plain meaning, we conclude that the `claimant' is the party who makes a demand upon another party and that the `respondent' is the party who must answer the allegations.
 "If we apply these general definitions to the facts of this case, it would be awkward to interpret the Commercial Arbitration Rules to mean that [the defendant] is the claimant. Such an interpretation would force [the defendant] to state the nature of the claims against itself. Equally as awkward, this interpretation would then force [the plaintiff] to answer the very complaint that he filed against [the defendant]. It is unreasonable to believe that the parties in this case intended to apply the terms `initiating party' and `claimant' to [the defendant], the party defending itself against a claim by [the plaintiff]. Judging from the plain meaning of these labels as they are used in the Rules and from what the parties intended by the terms `claimant' and `initiating party,' it is clear that [the plaintiff] is the claimant and [the defendant] is the respondent."
See also Universal Underwriters Life Ins. Co. v. Dutton, 736 So.2d 564,570 (Ala. 1999) (plaintiffs were the "claimants" or the "initiating party," and Rule 48 of the AAA's Commercial Arbitration Rules required the "claimants" to pay the required filing fees, although the rule also allowed the arbitrator to make a final apportionment of the filing fees in his award.) We therefore disagree with the bank's argument that Huntley would be required to pay the filing fee. Regions Bank, as the plaintiff, would be the proper party to pay the filing fee if the arbitration clause were properly invoked. Accordingly, we consider Huntley's arguments challenging the trial court's denial of the motion to compel arbitration.[2]
Our standard for reviewing a denial of a motion to compel arbitration is well settled. "In reviewing a trial court's refusal to compel arbitration, this Court's review is de novo." Kenworth of Dothan, Inc.v. Bruner-Wells Trucking, Inc., 745 So.2d 271, 273 (Ala. 1999). This Court has also succinctly set out the burden of proof *Page 517 
that a party moving to compel arbitration must satisfy:
 "A motion to compel arbitration is analogous to a motion for a summary judgment. The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce. Once such a prima facie showing has been made, the burden shifts to the party opposing arbitration to present some evidence indicating that there is no arbitration agreement subject to specific enforcement under the FAA. If the party opposing arbitration presents sufficient evidence to create a fact question as to the existence of a valid arbitration agreement, then the issue must be resolved by the trial court or by a jury, if one is requested."
Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala. 1999). (Citation omitted.)
Although Huntley arguably satisfied the requirement of "proving the existence of a contract calling for arbitration," he made no showing that the contract evidenced a transaction affecting interstate commerce. Because of this failure, the trial court properly denied his motion to compel arbitration.[3] This Court must affirm the denial of a motion to compel arbitration when the movant has made no showing of a transaction involving interstate commerce. See Tefco Fin. Co. v. Green, 793 So.2d 755
(Ala. 2001); and Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869,872 (Ala. 1999). In his brief, Huntley makes no argument that the trial court otherwise improperly entered the summary judgment, outside the context of his arbitration arguments. Although the trial court made no specific findings in denying Huntley's motion to compel arbitration or in granting Regions Bank's motion for summary judgment, "`[w]e can affirm a judgment on a basis not asserted to the trial court, and we can affirm a judgment if we disagree with the reasoning of the trial court in entering the judgment, as long as the judgment itself is proper.'" Verchot v.General Motors Corp., [Ms. 1992300, May 25, 2001] ___ So.2d ___ (Ala. 2001) (quoting Progressive Specialty Ins. Co. v. Hammonds, 551 So.2d 333,337 (Ala. 1989), and citing Smith v. Equifax Servs., Inc., 537 So.2d 463,465 (Ala. 1988)). Therefore, the trial court's denial of Huntley's motion to compel arbitration and the summary judgment for Regions Bank are due to be affirmed.
 II. Regions Bank's Request for an Attorney Fee
Regions Bank argues that the trial court erred in not awarding it an attorney fee as it requested in its complaint. The bank sought $22,404.19 for an attorney fee and, to support the reasonableness of the fee requested, attached to its summary-judgment motion the affidavit of Alan C. *Page 518 
Christian. The Bank relies upon the language of the "Lender's Rights" clause in the promissory note (quoted supra).
In Lanier v. Moore-Handley, Inc., 575 So.2d 83, 85 (Ala. 1991), this Court stated:
 "In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985); Eagerton v. Williams, 433 So.2d 436 (Ala. 1983); Shelby County Commission v. Smith, 372 So.2d 1092
(Ala. 1979). The reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court. Peebles v. Miley, 439 So.2d 137 (Ala. 1983); see Irons v. Le Sueur, 487 So.2d 1352 (Ala. 1986); Mann v. Mann, 451 So.2d 783
(Ala. 1984). This discretion is an `"advised, just, judicial and revisable discretion in the light of the whole record." Dent v. Foy, 214 Ala. 243, 107 So. 210
(1925), Matthews v. Lytle, 220 Ala. 78, 124 So. 197
(1929).' Irons v. Le Sueur, supra at 1359.
 "`"Though in reviewing the propriety of the fixation of such fees by the lower court, this court will be guided by its own judgment upon a consideration of the whole record, . . . we make such review with a presumption in favor of the ruling of the court below and will not set aside its decree unless we are convinced that that court abused the discretion wisely vested in it."'
 Army Aviation Center Federal Credit Union v. Poston, 460 So.2d 139, 141 (Ala. 1984), quoting King v. Keith, 257 Ala. 463, 60 So.2d 47 (1952). (Citations omitted.)
 "In Peebles v. Miley, supra, we set out the following 12 criteria that the trial court should consider in setting attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. See Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740 (Ala. 1988); Irons v. Le Sueur, supra; see also, Talb, Inc. v. Dot Dot Corp., 559 So.2d 1054
(Ala. 1990). Although all of these criteria need not be met, they are available for the trial court to consider in connection with each claim for an award of attorney fees. Graddick v. First Farmers Merchants National Bank of Troy, 453 So.2d 1305 (Ala. 1984).
 "While we recognize that the reasonableness of an award of attorney fees is within the discretion of the trial court, subject to correction only for an abuse of discretion, we must be able to discern from the record what factors the trial court considered in determining the amount of attorney fees. Van Schaack v. AmSouth Bank, supra; Lolley v. Citizens Bank, 494 So.2d 19 (Ala. 1986)."
(Emphasis added.)
Because the trial court's order contains no findings in regard to its denial of Regions *Page 519 
Bank's request for an attorney fee, this Court cannot "discern from the record what factors the trial court considered" in denying the request for an attorney fee. The note explicitly provides that in the event of the Borrower's default, the Borrower will pay the attorney fees incurred by the Lender in its efforts to collect. Therefore, we reverse the order denying an attorney fee and remand for the trial court to enter a new order directed toward the request for an attorney fee, supported by written findings consistent with the criteria set out in Peebles.
1992205 — AFFIRMED.
1992266 — REVERSED AND REMANDED WITH INSTRUCTIONS.
See, Brown, and Stuart, JJ., concur.
Moore, C.J., concurs in the result.
[1] We agree that by the terms of the promissory note, the term "Borrower" encompasses both Huntley and Jordan. Therefore, under the terms of the note, they both would be required to invoke the arbitration clause. Moreover, we disagree with Huntley's argument that arbitration was the "sole" remedy for this dispute. Under the terms of the note, either the Borrower or the Lender had to invoke the arbitration clause for it to have effect; otherwise, a lawsuit could be properly filed.
[2] Huntley makes two additional arguments for the first time in his reply brief: (1) that language from the promissory note, not relied upon in his initial brief, evidenced that arbitration was the sole remedy for this dispute; and (2) that because the trial court made no findings of fact and entered no written order or judgment in regard to the arbitration issue, the trial court acted in violation of this Court's holding in A.G. Edwards Sons, Inc. v. Syvrud, 597 So.2d 197 (Ala. 1992). We do not consider these arguments, in light of the settled rule that this Court does not address issues raised for the first time in a reply brief. C S Family Credit of Alabama, Inc. v. McNairy,613 So.2d 1232 n. 1 (Ala. 1992); Perkins v. Dean, 570 So.2d 1217, 1220
(Ala. 1990); and Kennesaw Life Accident Ins. Co. v. Old Nat'l Ins.Co., 291 Ala. 752, 754, 287 So.2d 869, 871 (1973).
[3] Not only did Huntley fail to meet his burden of proving that the promissory note — the contract — evidenced a transaction affecting interstate commerce, but the limited information in the record pertinent to that issue supports the conclusion that the transaction was intrastate in nature. Regions Bank's complaint, which the record indicates Huntley never answered, states that both Huntley and Jordan are Alabama residents and that the bank is a state banking association with its principal place of business in Mobile. The promissory note also states that "[t]his Note has been delivered to Lender and accepted by Lender in the State of Alabama." These facts would be consistent with a denial of the motion to compel arbitration based on an absence of proof of a substantial effect on interstate commerce. See Sisters of theVisitation v. Cochran Plastering Co., 775 So.2d 759 (Ala. 2000). Huntley never filed an answer or other responsive pleading challenging these facts, nor did he contest them in his motion to dismiss or his motion to compel arbitration.