Cappaert Manufactured Homes ("Cappaert") petitions this Court for a writ of mandamus directing Judge Eddie Hardaway, Jr., to vacate an order appointing an arbitrator in this dispute. We grant the petition.
This dispute began after the respondents, Maggie Dees and Winton Dubose (hereinafter collectively referred to as "the Buyers"), purchased a mobile home manufactured by Cappaert. On January 4, 2000, they sued Cappaert, alleging that the home was defective. On April 28, 2000, Cappaert moved to compel arbitration of the dispute, based on a provision included in the "Home Owner's Manual" that accompanied the mobile home. The provision stated, in pertinent part: "All disputes *Page 386 
between us not resolved . . . will be submitted to BINDING ARBITRATION, pursuant to the provisions of 9 U.S.C. § 1, et seq. [the Federal Arbitration Act]. Said binding arbitration shall be by one (1) arbitrator selected by the manufacturer with the consent of the owner." (Capitalization in original.) On October 12, 2000, the trial court granted the motion to compel arbitration.
On November 3, 2000, Cappaert's counsel sent a letter to the Buyers' counsel, naming a proposed arbitrator. On November 7, 2000, the Buyers' counsel responded with a letter rejecting Cappaert's proposal. The letter further stated: "Please give us another selection within 7 days so I will not have to file a motion for the court to select the arbitrator." On November 14, 2000, Cappaert's counsel sent another letter to the Buyers' counsel, stating, in pertinent part:
 "I received your November 7, 2000, correspondence. We may have already spoken by the time you receive this letter. So that we do not keep exchanging letters regarding the selection of an arbitrator, I would simply suggest that we discuss and see if there are some arbitrators to which we would both agree."
Instead of discussing the matter, the Buyers, on November 22, 2000, moved the court to appoint an arbitrator. More specifically, in their "Motion for Court to Choose [an] Arbitrator," they stated:
"1. Arbitration was ordered by this court. . . .
 "2. Counsels for Plaintiff and Defendants, despite their best efforts, have not been able to agree on an arbitrator in this matter.
 "3. Under the Federal [Arbitration Act], when the parties are unable to agree on an arbitrator, the trial court selects the arbitrator.
 "WHEREFORE, the Plaintiffs request this honorable court to choose the arbitrator in this matter."
On January 30, 2001, over Cappaert's objection, the trial court granted the motion and appointed an arbitrator. Cappaert moved to alter, amend, or vacate the order. The trial court denied Cappaert's motion; it then filed this petition.
"[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion." Ex parte Palm Harbor Homes, Inc., 798 So.2d 656,660 (Ala. 2001). See also Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989).
The Buyers frame the issue as follows: "Whether, after an impasse in the selection of the arbitrator, the trial court abused its discretion by appointing an arbitrator at the request of one of the parties." Answer andBrief of Respondents, at 6 (emphasis added). They rely on § 5 of the Federal Arbitration Act ("the FAA"), which provides:
 "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator." *Page 387 
(Emphasis added.) In other words, they argue that an "impasse in the selection of an arbitrator" amounts to a "lapse in the naming of an arbitrator," and, therefore, constitutes a ground for judicial intervention and appointment. In support of this contention, they citePacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.,814 F.2d 1324 (9th Cir. 1987) (district court's appointment of neutral umpire upheld; two arbitrators chosen by the parties were deadlocked over the threshold issue whether even to apply the procedure set forth in the contracts for the selection of a neutral umpire); Sankey v. Sears,Roebuck Co., 100 F. Supp.2d 1290 (M.D.Ala. 2000) (the court addressed confusion engendered by the drafter of the arbitration clause as to the identity of the promulgators of the Uniform Arbitration Act);Ex parte Warren, 718 So.2d 45 (Ala. 1998) (the fact that the arbitral forum specified in the contract was no longer in existence did not void the arbitration clause); and Employers Insurance of Wausau v. Jackson,178 Wis.2d 755, 505 N.W.2d 147 (Wis.Ct.App. 1993) (the court confirmed the appointment of a second arbitrator selected by the plaintiff, because the defendant had failed to appoint its own arbitrator within the period set forth in the arbitration clause), aff'd, 190 Wis.2d 597, 527 N.W.2d 681
(1995).
We have examined these cases and have concluded that they stand only for the general proposition that a court may, under certain circumstances, appoint an arbitrator in a case subject to arbitration. None of them involved the issue in this case as we frame it — whether the rejection by the Buyers of the first arbitrator proposed by the manufacturer, under a provision requiring the concurrence of the Buyers in the manufacturer's selection, constitutes a lapse, within the meaning of § 5 of the FAA. We need not consider whether, or under what circumstances, an "impasse in the selection of an arbitrator" amounts to a "lapse in the naming of an arbitrator," because, at the time the trial court made its appointment in this case, there was no evidence indicating an "impasse."
Indeed, as of November 22, 2000, when the Buyers filed their "Motion for Court to Choose [an] Arbitrator," there was no factual basis for the allegation that, "despite their best efforts," the parties had "not been able to agree on an arbitrator." On the contrary, the correspondence between the parties as of that date revealed that the selection process was proceeding apace. To be sure, the Buyers had rejected the first proposed arbitrator. However, they did so summarily; they gave no reason for their rejection. Thus, there was no evidence from which to conclude that the parties had reached a deadlock. Unlike some of the cases cited by the Buyers, there was no evidence of even a basis for a deadlock. This was equally true of the status of the process, when the trial court granted the Buyers' motion. These facts justified only one result.
Thus, we hold, as a matter of law, that the unexplained rejection by the Buyers of the first arbitrator proposed by the manufacturer, under a provision requiring the concurrence of the Buyers in the manufacturer's selection, does not constitute a lapse within the meaning of § 5 of the FAA. That being so, § 5 mandates that the method set forth in thearbitration agreement be followed. In other words, there was no basis for a judicial appointment of an arbitrator. Because Cappaert has demonstrated a clear, legal right to the relief sought, the petition for a writ of mandamus is granted.
PETITION GRANTED; WRIT ISSUED. *Page 388 
Houston, See, Lyons, Brown, Johnstone, Harwood, and Stuart, JJ., concur.
Moore, C.J., dissents.