Northcom, Ltd., Jerry Oakley, and William R. McDonald III, the defendants in an action pending in the Coffee Circuit Court, appeal from an order issued on July 17, 2001. That order held that the defendants had failed to initiate arbitration, removed the case from the trial court's administrative docket, and ordered the defendants to answer the complaint against them filed by R.E. James, Roberta Gwenn James, and Kathy James Pittman (hereinafter collectively referred to as "the plaintiffs"). Oakley and McDonald are shareholders in Northcom, Ltd., and we will refer to all three defendants collectively as "Northcom." We reverse the trial court's order and remand with instructions. *Page 244 
 Facts and Procedural History
In 1986, Northcom entered into a contract with the plaintiffs for the purchase of two radio stations.[1] The contract contained the following arbitration clause:
 "Arbitration. In the event of any dispute arising under this agreement, the dispute shall be settled by arbitration under the rules of the American Arbitration Association with Buyer and Seller each to appoint an arbitrator, and the two (2) arbitrators thus appointed to select [a] third arbitrator. The decision of said arbitrators shall be binding on all parties hereto, and may be entered as a final judgment in a court of competent jurisdiction."
In May 1994, the plaintiffs brought a breach-of-contract action against Northcom in the Coffee Circuit Court. Northcom moved to compel arbitration, but the trial court denied the motion. Northcom appealed the trial court's order denying arbitration to this Court. We reversed the order of the trial court, holding that the plaintiffs were required to arbitrate their claims against Northcom pursuant to the arbitration agreement in the contract. See Northcom, Ltd. v. James, 694 So.2d 1329
(Ala. 1997).
On remand to the Coffee Circuit Court, the plaintiffs purported to continue the litigation of this case. The record indicates that the plaintiffs served interrogatories on Northcom in February 1998. Northcom refused to answer the interrogatories. On May 5, 1998, the plaintiffs filed a motion to compel Northcom to answer the interrogatories, and on May 7, 1998, the trial court granted that motion. On May 15, 1998, Northcom moved the trial court to comply with this Court's remand order and stay the action pending arbitration. After a hearing on the motion, the trial court entered a stay in the case on September 8, 1998, pending arbitration.
On January 27, 1999, the plaintiffs filed with the Coffee Circuit Court a motion to "require defendants to appoint an arbitrator." The trial court granted the motion on February 12, 1999, and ordered Northcom to appoint an arbitrator within 10 days. Northcom then moved the trial court to set aside its February 12, 1999, order, arguing that the plaintiffs had not yet initiated arbitration proceedings. The trial court denied Northcom's motion on August 26, 1999. After the trial court denied a motion to reconsider its order, Northcom filed a petition for a writ of mandamus with this Court; we denied the petition on February 10, 2000. Northcom moved the trial court to dismiss the plaintiffs' case against it. On July 17, 2001, the trial court entered the following order:
 "1. The Court, by order dated . . . September [8], 1998, stayed proceedings in this cause and directed the parties to proceed with arbitration pursuant to the terms of the subject arbitration agreement.
". . . .
 "3. Plaintiffs' institution of this action clearly evidences the existence of a dispute arising under the agreement. Plaintiffs appointed the arbitrator in compliance with the arbitration agreement more than two years ago and afforded notice thereof to the Defendants.
 "4. The Defendants, Northcom Ltd., Inc., Jerry W. Oakley, and William R. McDonald, III, are the parties who moved to compel (i.e., gave written notice of intent to arbitrate) and seek the benefits of arbitration in resolving the contract dispute in this case. The *Page 245 
Alabama Supreme Court, in its May 9, 1997, opinion reversing this Court's denial of the motion to compel arbitration even referred to Defendant Northcom as the party `requesting arbitration.'
 "5. Defendants have failed and refused to appoint an arbitrator as per the terms of the arbitration agreement, although specifically ordered by the Court to do so in February 1999. Defendants' non-compliance with the order to commence arbitration and failure to take affirmative steps by joining with Plaintiffs in initiating the arbitration process through appointment of an arbitrator is deemed a waiver thereof.
"IT IS, THEREFORE, ORDERED AND ADJUDGED as follows:
 "1. That the Plaintiffs' `Motion for Court to Order Circuit Clerk to Appoint Arbitrator' is denied.
 "2. That the Defendants' `Motion to Dismiss Plaintiffs' Complaint' is denied.
 "3. That this case is transferred from the administrative docket and the stay of further discovery and proceedings pursuant to Plaintiffs' complaint is lifted.
 "4. That the Defendants shall file their respective answers to Plaintiffs' complaint within 14 days."
It is undisputed that although the plaintiffs purported to select an arbitrator, they never initiated arbitration proceedings after this Court's May 9, 1997, opinion. Northcom now appeals the trial court's July 17, 2001, order.
 Analysis
Northcom argues that the trial court's July 17, 2001, order is due to be reversed because, it argues, the order is based upon the erroneous assumption that Northcom bears the burden of initiating arbitration proceedings in this case and because the order holds that Northcom waived its right to arbitrate by failing to initiate such proceedings. We agree.
A trial court is vested with the authority "`to manage its affairs in order to achieve the orderly and expeditious disposition of cases.'"Mangiafico v. Street, 767 So.2d 1103, 1105 (Ala. 2000) (quoting Iversonv. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala. 1989)). However, a trial court may not enter orders compelling parties to act in a manner that is inconsistent with the parties' own arbitration agreement.
 "When a trial court compels arbitration, it must do so in a manner consistent with the terms of the arbitration provision. See Ex parte Cappaert Manufactured Homes, 822 So.2d 385, 387 (Ala. 2001), ('[section] 5 [of the Federal Arbitration Act] mandates that the method set forth in the arbitration agreement be followed'); Southern Energy Homes Retail Corp. v. McCool, 814 So.2d 845 (Ala. 2001) (trial court directed to vacate its order because it failed to compel arbitration in a manner consistent with the terms of the agreement between the parties); Ex parte Dan Tucker Auto Sales,[Inc., 718 So.2d 33 (Ala. 1996)] (trial court erred in assigning administrative fees of arbitration to the defendant when the Rules of the [American Arbitration Association] provided for the relief of a party in the event of a hardship)."
BankAmerica Hous. Servs. v. Lee, 833 So.2d 609, 618 (Ala. 2002). Furthermore, a trial court may not mandate "mechanisms and procedures inconsistent with the mechanisms and procedures set out in the [Commercial Arbitration] Rules [of the American Arbitration Association]." 833 So.2d at 618.
This Court has already held that the contract between Northcom and the plaintiffs contains a valid arbitration provision and that the plaintiffs must, in accordance *Page 246 
with the contract, submit their claims against Northcom to arbitration. See Northcom, Ltd. v. James. The arbitration provision in this case clearly states that arbitration is to take place "under the rules of the American Arbitration Association" ("the AAA").
 "Parties to a contract are bound by pertinent references therein to outside facts and documents. Green Springs Associates, Ltd. v. Green Springs Village, Ltd., 577 So.2d 872 (Ala. 1991); Ben Cheeseman Realty Co. v. Thompson, 216 Ala. 9, 112 So. 151
(1927). `Other writings or matters contained therein, which are referred to in a written contract may be regarded as incorporated by the reference as a part of the contract and[,] therefore, may properly be considered in the construction of the contract.' 17A Am. Jur.2d Contracts § 400 (1991). The contract between [the parties in this case] declares that disputes are to be resolved through binding arbitration according to the AAA's Commercial Arbitration Rules; therefore, the agreement incorporates the language of the Commercial Arbitration Rules regarding the resolution of disputes."
Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 36 (Ala. 1998) (second alteration added). Thus, because the contract between Northcom and the plaintiffs refers to the AAA's rules governing the arbitration of disputes, those rules are made applicable to this case by the contract, and they govern this dispute, including the procedures for initiating the arbitration proceedings.
The Commercial Arbitration Rules of the AAA, which govern the transaction in this case,[2] provide as follows:
"R-4. Initiation under an Arbitration Provision in a Contract
 "(a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:
 "i. The initiating party (the `claimant') shall, within the time period, if any, specified in the contract(s), give to the other party (the `respondent') written notice of its intention to arbitrate (the `demand'), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.
 "ii. The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules.
"iii. The AAA shall confirm notice of such filing to the parties."
Our caselaw clearly dictates that under the Commercial Arbitration Rules, the party asserting a legal claim, i.e., the plaintiff, must initiate arbitration proceedings.
 "[T]he Commercial Arbitration Rules state that the `initiating party (hereinafter claimant)' shall file the `appropriate filing fee' as mandated in the schedule accompanying the rules. That *Page 247 
same rule later explains that after the `claimant' has stated the nature of the dispute, the respondent shall file an answering statement and send that statement to the claimant. The word `claimant' is defined in Black's Law Dictionary (6th ed. 1990) as `[o]ne who claims or asserts a right, demand or claim.' The word `respondent' is defined in Black's as `one who makes an answer to a bill or other proceeding in equity' or one `who contends against an appeal.' Considering these words in light of their plain meaning, we conclude that the `claimant' is the party who makes a demand upon another party and that the `respondent' is the party who must answer the allegations.
 "If we apply these general definitions to the facts of this case, it would be awkward to interpret the Commercial Arbitration Rules to mean that Tucker [the defendant below] is the claimant. Such an interpretation would force Tucker to state the nature of the claims against itself. Equally as awkward, this interpretation would then force Phelps [the plaintiff below] to answer the very complaint that he filed against Tucker. It is unreasonable to believe that the parties in this case intended to apply the terms `initiating party' and `claimant' to Tucker, the party defending itself against Phelps. Judging from the plain meaning of these labels as they are used in the Rules and from what the parties intended by the terms `claimant' and `initiating party,' it is clear that Phelps is the claimant and Tucker is the respondent."
Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d at 36 (some alterations original; some alterations added). See also Huntley v. Regions Bank,807 So.2d 512 (Ala. 2001) (rejecting Regions Bank's argument that Huntley, the defendant, failed to properly invoke the arbitration agreement and holding that Regions Bank, as the plaintiff, bore the burden of properly invoking the arbitration agreement); and UniversalUnderwriters Life Ins. Co. v. Dutton, 736 So.2d 564 (Ala. 1999) (holding that the plaintiffs were the "claimants" under the AAA's Commercial Arbitration Rules and that the claimants, as the initiating parties, were responsible for advancing the filing fee).
Thus, in this case, under the AAA's Commercial Arbitration Rules, the plaintiffs, as the party initiating this legal action, are the claimants, and Northcom, the defendant, is the respondent. As the claimants, the plaintiffs must pursue their claims against Northcom by giving Northcom, the respondent, a written notice, or demand, for arbitration. The demand must meet all of the requirements specified by the Commercial Arbitration Rules. Furthermore, the plaintiffs must file two copies of the demand with the AAA, along with a copy of the arbitration agreement and a filing fee. In other words, the plaintiffs must initiate arbitration proceedings according to the AAA rules. The record before us indicates that the plaintiffs have not done so; instead, they have purported to "appoint" an arbitrator, and they allege that Northcom must do the same. Appointing an arbitrator does not initiate the arbitration process as provided in the Commercial Arbitration Rules.
Moreover, although we are aware that Rule R-14(a) of the Commercial Arbitration Rules allows parties to agree on the method for selecting arbitrators as the parties have done in this case, this provision does not address the initiation of arbitration proceedings as defined in Rule R-4 of the Commercial Arbitration Rules.
The trial court erred in ordering the parties to commence arbitration in a manner that conflicted with the provisions of *Page 248 
the arbitration agreement. Furthermore, it is clear that Northcom could not have waived its right to arbitrate by failing to initiate arbitration proceedings when it never had the burden to do so under the terms of the arbitration agreement. Thus, the trial court erred in concluding that Northcom waived its right to arbitrate. Therefore, we reverse the July 17, 2001, order of the trial court and remand the case. On remand, the trial court shall order the plaintiffs to initiate arbitration in accordance with their agreement to arbitrate and shall stay the case pending arbitration or shall dismiss the case if the plaintiffs persist in failing to initiate arbitration.
REVERSED AND REMANDED WITH INSTRUCTIONS.
See, Lyons, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., dissents.
[1] A more detailed statement of facts is contained in our earlier opinion in this case, Northcom, Ltd. v. James, 694 So.2d 1329 (Ala. 1997).
[2] Both parties agree that the arbitration is to be conducted pursuant to the Commercial Arbitration Rules. Moreover, Rule R-1 of the Commercial Arbitration Rules provides, in part:
 "The parties shall be deemed to have made these [Commercial Arbitration Rules] a part of their arbitration agreement whenever they have provided . . . for arbitration by the AAA of a domestic commercial dispute without specifying particular rules."
(Emphasis added.)