This appeal arises from a judgment entered in favor of an attorney against a former client on the attorney's claim for payment, based upon the doctrine of quantum meruit, for the reasonable value of services rendered before termination of the attorney's representation.
In April 2004, Anna Love ("the client") was injured in an automobile collision involving a driver insured by Progressive Insurance Company ("Progressive"); at that time, Alfa Mutual Insurance Company ("Alfa") insured the client as to bodily injuries and property damage incurred as a result of uninsured and underinsured motorists. The client contacted R. Bruce Hall ("the attorney") within a week of her injury and entered into a contract retaining the law firm of Hall, Smith, and Jones to represent her in recovering all damages *Page 298 
and compensation to which the client might be entitled as a result of the automobile collision and permitting any claims she might have to be compromised or settled by attorneys of that firm. In consideration of the legal services to be performed under the contract, the client agreed, among other things, to pay a contingent attorney fee of 40 percent of the gross amount of any settlement or recovery obtained.
Over the course of the following four months, the attorney and his agents performed a number of services in order to obtain compensation for the client, such as investigating the circumstances of the pertinent collision, engaging in telephone calls and meetings with the client, requesting and reviewing records from medical providers who had treated the client for her injuries, forwarding such records to Progressive and Alfa, engaging in negotiations with Progressive and Alfa personnel by letter and telephone on a number of occasions, and disbursing certain checks to the client. At some point during that period, Alfa and Progressive personnel apparently represented to the attorney's agents that upon receipt of certain medical documents each carrier would pay the limits of their respective coverages as to the collision, which were $25,000 for Progressive and $60,000 for Alfa; however, it is disputed whether that information was communicated to the client.
On August 18, 2004, the client hand delivered a letter indicating that she was terminating the attorney's representation of her. Despite that letter, the attorney's office continued to receive documents pertinent to the client's claim and made unsuccessful efforts to convince the client to reconsider her decision to terminate the attorney's services. The client retained other counsel at a reduced contingent-fee rate in October 2004, and the client ultimately received checks in the amount of the insurers' policy limits after new counsel had been retained.
In December 2004, the attorney brought a civil action in the Houston Circuit Court against the client in which he sought a reasonable fee for his services; he also filed a notice in that court that he claimed a lien on the client's recovery. The client filed an answer and a request for the imposition of sanctions against the attorney pursuant to the Alabama Litigation Accountability Act, §§ 12-19-270 et seq., Ala. Code 1975 ("the ALAA claim"). After an ore tenus proceeding, the trial court entered the following judgment on the case-action-summary sheet:
 "On hearing evidence, judgment rendered in favor of [the attorney] and against [the client] in amount of $21,250.00 and a lien for payment of this amount attaches to funds in hands of [the client, her new attorney] and/or Progressive Insurance Co. and/or Alfa Mutual Insurance Co. collected or paid pursuant to [the client's] claim which arose out of an automobile accident which occurred on April 7, 2004. Costs taxed to [the client]."
The client appeals from that final judgment.[1]
On appeal, in addition to contending that the amount of the fee awarded to the attorney amounted to an abuse of the trial court's discretion, the client asserts that the trial court's judgment is erroneous in that, she says, Alabama law requires a more detailed statement of the factors considered by the trial court in calculating an attorney fee. We agree. *Page 299 
Although a trial court's judgment awarding an attorney fee based on ore tenus evidence is to be presumed correct, and although that court's findings will not be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence, see Anderson v. Lee,621 So.2d 1305, 1307 (Ala. 1993), the Alabama Supreme Court has held that an appellate court "`must be able to discern from therecord what factors the trial court considered in determiningthe amount of attorney fees'" Huntley v.Regions Bank, 807 So.2d 512, 518 (Ala. 2001) (quoting Lanier v. Moore-Handley, Inc., 575 So.2d 83,85 (Ala. 1991)) (emphasis added in Huntley). Because, like the judgment under review in Huntley, the trial court's judgment in this case "contains no findings," we cannot "`discern from the record what factors the trial court considered in ruling on the request for an attorney fee.'"Huntley, 807 So.2d at 518-19. Thus, on the authority of Huntley, we reverse the trial court's judgment and remand the action for the trial court to enter a new judgment "supported by written findings consistent with the criteria set out in Peebles [v. Miley, 439 So.2d 137 (Ala. 1983) ]," which govern the reasonableness of attorney-fee awards.See also Van Schaack v. AmSouth Bank, N.A.,530 So.2d 740, 749 (Ala. 1988) (restating the Peebles criteria).Huntley, 807 So.2d at 519. In light of our disposition of the appeal, the attorney's motion to file an additional brief is denied.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Because the trial court did not expressly reserve jurisdiction to rule on the ALAA claim asserted by the client, that claim was implicitly adjudicated in favor of the attorney, and the trial court's judgment is final and appealable. SeeBaker v. Williams Bros., Inc., 601 So.2d UO, 112 (Ala.Civ.App. 1992).