STUART, Justice.
Bedii Okay appeals from the order of the Limestone Circuit Court appointing an arbitrator to preside over his dispute with Terrence Murray d/b/a Centennial Residential Developments, Inc. (hereinafter referred to as “CRDI”), arguing that the arbitrator was selected in a manner inconsistent with the method agreed to by the parties in their arbitration agreement. We reverse and remand.
I.
On October 18, 2005, CRDI signed a contract to purchase property located at 29025 Highway 72 in Limestone County from Okay for $272,500. That contract contained the following arbitration provision:
“In connection with the purchase and sale of the above described property, [CRDI] and [Okay] mutually covenant, stipulate and agree in connection with the resolution of any dispute or controversy arising out of or relating to this agreement or concerning the within described property, or the breach, termination, or validity thereof, as follows: That the transaction contemplated in this agreement directly involves interstate commerce, and said transaction has been and will continue to be regulated by the laws of the United States of America; and, that the contract(s) entered into by the parties concerning this property evidence transactions involving and affecting commerce. The undersigned agrees that all disputes not barred by applicable statutes of limitations or otherwise barred by law, resulting from or arising out of this agreement [sic]; that [CRDI] and [Okay] agree to submit such dispute(s) to binding arbitration, pursuant to the provisions of 9 U.S.C. Section 1, et seq., and according to the Commercial Rules of the American Arbitration Association then existing in the County where property being sold is located. The prepaid arbitration filing fees and all other prepaid costs of the arbitration proceeding shall be paid by the party seeking to invoke arbitration, with the assignment of those costs to be divided between the parties as the arbitrator sees fit in setting the arbitration award. It is hereby agreed that it is the intent of the parties that the arbitrator’s award is to be final and binding and judgment upon the award rendered by the arbitration may be entered in any court having jurisdiction thereof. This arbitration shall be in full lieu of any civil litigation in any court, and in lieu of any trial by jury.”
(Emphasis added.) CRDI closed on its purchase of the property sometime in December 2005.
Some months thereafter, CRDI discovered that property adjacent to the property it had purchased from Okay had been used as an unauthorized dumping ground by unknown parties and contained large *287 amounts of construction debris and other solid waste, in violation of § 22-27-4, Ala. Code 1975.[1] Some of that adjacent property was owned by Okay, and, after being notified by the Alabama Department of Environmental Management (“ADEM”) that the unauthorized dump on his property was in violation of the statute, Okay endeavored to clean up the property. Other owners of property adjacent to CRDI’s property apparently took no action to clean up the unauthorized dumping on their properties even after ADEM advised them of the need to do so.
Unsatisfied with the cleanup efforts, on May 22, 2008, CRDI sued Okay, the owners of two other parcels of property adjacent to CRDI’s property, and various fictitiously named parties in the Limestone Circuit Court, alleging negligence and/or wantonness, nuisance, and trespass. CRDI also stated a fraudulent-suppression claim against Okay for failing to disclose that the property it had purchased from him was situated next to an unauthorized and illegal solid-waste dump. Okay filed a motion to dismiss the claims against him, which the trial court denied. After his motion to dismiss was denied, Okay moved the trial court to compel arbitration of the claims asserted against him pursuant to the arbitration provision in the real-estate contract CRDI and Okay had entered into on October 18, 2005. On November 25, 2008, the trial court granted the motion and stayed the case pending arbitration.
The record reflects that the attorney for CRDI thereafter sent letters to Okay’s attorney on at least four occasions between January 30, 2009, and April 3, 2009, requesting that he contact her in order to discuss the selection of an arbitrator. Those letters also indicate that she was simultaneously trying to contact Okay’s attorney by telephone. CRDI alleges that the attorneys did have a conversation in which they agreed to mutually select an arbitrator, and Okay alleges that they had multiple conversations discussing possible arbitrators. However, on April 13, 2009, CRDI unilaterally moved the trial court to appoint Richard Warren Bell, a Birmingham attorney on the panel of neutrals maintained by the United States District Court for the Northern District of Alabama, as the arbitrator, alleging that Okay had not cooperated in setting the case for arbitration. Three days later, the trial court granted that motion without a hearing and appointed Bell to arbitrate the dispute between CRDI and Okay.
On May 28, 2009, Okay moved the trial court to vacate its April 16 order appointing Bell as arbitrator because, he alleged, he and CRDI had agreed in the arbitration provision in the real-estate contract that any arbitration between them would be conducted according to the Commercial Arbitration Rules of the American Arbitration Association (“the AAA”). At the time this case was referred to arbitration, Rule R-ll of those rules set forth the following procedure for selecting an arbitrator:
“If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:
“(a) Immediately after the filing of the submission or the answering statement or the expiration of the *288 time within which the answering statement is to be filed, the AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster.[2] The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.
“(b) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree to any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.”
Accordingly, Okay argued, the trial court erred by compelling him to arbitrate his dispute with CRDI before an arbitrator selected in a manner inconsistent with the manner agreed to by CRDI and Okay in the arbitration provision. Okay simultaneously filed a petition for the writ of mandamus in this Court seeking the same relief. On June 25, 2009, after a hearing on the matter, the trial court denied Okay’s motion. However, on July 17, 2009, this Court entered an order staying further proceedings in the trial court and declaring that Okay’s petition for the writ of mandamus would be treated as a notice of appeal. The parties thereafter filed appellate briefs, and the case was submitted for a decision.
II.
Okay appeals the order of the trial court compelling him to arbitrate his dispute with CRDI before an arbitrator appointed by the trial court, in contravention, he says, of the manner agreed to by the parties for selecting an arbitrator. We review that order applying the same de novo standard of review we apply to any order granting or denying a motion to compel arbitration. We “must determine ‘whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review.’ ” BankAmerica Hous. Servs. v. Lee, 833 So.2d 609, 617 (Ala.2002) (quoting Ex parte Roberson, 749 So.2d 441, 446 (Ala.1999)).
III.
Okay argues that the trial court’s order violates the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”), inasmuch as the FAA requires that arbitration be conducted “in accordance with the terms of the [arbitration] agreement.” 9 U.S.C. § 3. He further argues that this Court has enforced this provision on multiple occasions and has previously reversed the judgments of trial courts when the arbitrators were appointed in a manner inconsistent with the provisions of the arbitration agreement. Okay cites Bowater Inc. v. Zager, 901 So.2d 658 (Ala.2004), as *289 one such case. In Bowater, the parties had agreed that they would arbitrate any disputes arising out of a timber lease before arbitrators who “‘shall be members of at least twenty (20) years standing in the Society of American Foresters.’ ” 901 So.2d at 660 (quoting the arbitration agreement of the parties). When a dispute thereafter arose that resulted in litigation, the defendant moved for arbitration pursuant to the arbitration agreement it had entered into with the plaintiffs. Id. The plaintiffs opposed the motion to compel arbitration, arguing, in part, that Alabama law required arbitrators to be attorneys and that there were no 20-year members of the Society of American Foresters who were licensed to practice law in Alabama. 901 So.2d at 661. The trial court thereafter granted the defendant’s motion and compelled arbitration but ordered that the arbitrators appointed by the parties only “ ‘be duly licensed Attorneys.’ ” 901 So.2d at 662 (quoting order of the trial court compelling arbitration). The defendant then appealed to this Court, and we reversed the order of the trial court, stating:
“This Court has recognized the right of a party to an arbitration agreement to require that the method for selecting the arbitrator or arbitrators set forth in the arbitration agreement be followed and has reversed trial court orders that changed the contractually prescribed method of selecting the arbitrator. Ex parte Cappaert Manufactured Homes, 822 So.2d 385 (Ala.2001); BankAmerica Housing Servs. v. Lee, 833 So.2d 609 (Ala.2002); Ex parte Southern United Fire Ins. Co., 843 So.2d 151 (Ala.2002); Northcom, Ltd. v. James, 848 So.2d 242 (Ala.2002); and McDonald v. H & S Homes, LLC, 853 So.2d 920 (Ala.2003).
“‘When a trial court compels arbitration, it must do so in a manner consistent with the terms of the arbitration provision. See Ex parte Capp-aert Manufactured Homes, 822 So.2d 385, 387 (Ala.2001) (“[section] 5 [of the Federal Arbitration Act] mandates that the method set forth in the arbitration agreement be followed”); Southern Energy Homes Retail Corp. v. McCool, 814 So.2d 845 (Ala.2001) (trial court directed to vacate its order because it failed to compel arbitration in a manner consistent with the terms of the agreement between the parties) .... A trial court’s order compelling arbitration that changes the terms of the arbitration provision will be reversed when
“ ‘ “it appears that the trial court, although it ordered the parties to arbitrate, failed to compel arbitration in a manner consistent with the terms of [the] arbitration provision.”
“ ‘McCool, 814 So.2d at 849.’
“BankAmerica, 833 So.2d at 618.
“ ‘The trial court erred in ordering the parties to commence arbitration in a manner that conflicted with the provisions of the arbitration agreement.’ Northcom, 848 So.2d at 247-48.
“ ‘Because the trial court’s ... order directs the parties to select an arbitrator in a manner that is inconsistent with the terms of the parties’ agreement to arbitrate, we reverse that order.’ McDonald, 853 So.2d at 925.
[[Image here]]
“Finally, we cannot agree with the proposition, originally proposed by the plaintiffs in their opposition to the motions to compel arbitration, then adopted by the trial judge in its order compelling arbitration, and now urged by the plaintiffs in their appellees’ brief, that arbitrators in the State of Alabama must be duly licensed attorneys. The plaintiffs argument in this regard is a sophism, relying on a series of invalid premises.
[[Image here]]
*290 “Accordingly, we reverse the trial court’s order ... to the extent that it required ‘[t]hat the arbitrators to be appointed by each party are to be duly licensed Attorneys’ and omitted the requirement that the arbitrators be members of at least 20 years’ standing in the Society of American Foresters, and we remand this case for the trial court to enter a revised order compelling arbitration consistent with the provisions of the arbitration agreement.”
Bowater, 901 So.2d at 668-71.
CRDI does not contest the holding of Bowater; rather, it argues that Bowater does not apply in this case because, CRDI alleges, the trial court’s order here is consistent with the parties’ agreement as to the appointment of an arbitrator. Rule R-11 of the Commercial Arbitration Rules of the AAA states that the procedure set forth in that rule for selecting an arbitrator applies only “[i]f the parties have not appointed an arbitrator and have not provided any other method of appointment.” In fact, CRDI argues, the parties did agree to a “method of appointment” — that they would voluntarily agree to the selection of an arbitrator. Thus, CRDI argues, Rule R-ll was preempted and, when the parties were thereafter unable to agree on the selection of an arbitrator, the trial court acted within its authority by appointing an arbitrator.
This argument fails, however, because Okay denies that he agreed that he and CRDI would voluntarily select an arbitrator outside the framework set forth in the Commercial Arbitration Rules of the AAA. CRDI steadfastly alleges that there was an oral agreement to voluntarily select an arbitrator; even if that is true, however, the Commercial Arbitration Rules require that changes to those rules be set forth in writing, and there is no evidence in the record indicating that such a written agreement existed. See Rule R-l(a), Commercial Arbitration Rules of the AAA (“The parties, by written agreement, may vary the procedures set forth in these rules.”). The procedure for selecting an arbitrator set forth in Rule R-ll should accordingly have been followed.
CRDI also argues that Okay waived his right to rely on Rule R-ll because he failed to invoke it or to object in a timely manner before the trial court and because he commenced arbitration before the arbitrator selected by the trial court. Specifically, CRDI notes that Okay filed no objection or response to its motion seeking the appointment of Bell as the arbitrator and that he participated without objection in a telephone status conference that Bell conducted approximately one month after his appointment as arbitrator. Okay counters that he did not respond to CRDI’s motion seeking the appointment of Bell as arbitrator because he did not have an opportunity to do so — the trial court granted the motion only three days after it was filed — and that he thereafter promptly moved the trial court to vacate the order appointing Bell and promptly filed the related petition for the writ of mandamus with this Court. Moreover, he argues that the transcript of the status conference conducted by Bell is not in the record and that there is accordingly no evidence as to whether he objected to Bell’s appointment during that conference.
We agree that a finding of waiver would be inappropriate in this case. There is no evidence in the record indicating that Okay ever participated in the arbitration proceedings conducted by Bell to the extent we may conclude he abandoned his right to insist on an arbitrator selected by the method agreed to by the parties; moreover, there is no evidence indicating that CRDI would be substantially prejudiced by being forced to restart the proceedings so that the Commercial Arbitration Rules, which it also agreed to, are followed. Paw *291 Paw’s Camper City, Inc. v. Hayman, 973 So.2d 344, 347 (Ala.2007)
IV.
The trial court appointed an arbitrator to preside over the proceedings resolving a dispute between Okay and CRDI in contravention of the method for selecting that arbitrator agreed to by the parties. Because a trial court is required to compel arbitration “in a manner consistent with the terms of the arbitration provision,” the trial court’s order appointing that arbitrator was entered in error. Ex parte Cappaert Manufactured Homes, 822 So.2d 385, 387 (Ala.2001). That order is hereby reversed and the cause remanded so that CRDI can pursue its claims against Okay in arbitration pursuant to the Commercial Arbitration Rules of the AAA, as agreed to by the parties, which rules specifically provide for the selection of arbitrators.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. Before the adoption of an amendment effective April 15, 2008, § 22-27-4(b) provided that "[t]he formation of unauthorized dumps is hereby declared to be a public nuisance per se, a menace to public health, and a violation of this article....” Section § 22-27-4(b) now provides: "The creation, contribution to, and operation of unauthorized dumps shall be prohibited, removed, enjoined, and enforced upon and regulated as provided in this article generally....”

. The National Roster is a National Roster of Commercial Arbitrators established and maintained by the AAA.