MURDOCK, Justice.
Don Drennen Motor Co., Inc. (“Drennen”), an automobile dealership, appeals from an order of the Jefferson Circuit Court requiring it to pay the costs of arbitration stemming from an action filed by one of Drennen’s former employees, William B. McClung. We reverse and remand.

*594
I. Facts and Procedural History

Drennen employed McClung for about two years from 2007 to 2009. It is undisputed that as part of his employment with Drennen McClung signed a predispute arbitration agreement (“the arbitration agreement”) that provided, in pertinent part, as follows:
“Covered and Excluded Disputes: Disputes required to be arbitrated include, but are not limited to, claims based upon ... any statute prohibiting retaliation or retaliatory discharge....
“Rules and Costs/Severability: Don Drennen and Employee agree that arbitration under this Agreement shall be in accordance with the FAA [Federal Arbitration Act] and the Employment Arbitration Rules (‘Rules’) of the American Arbitration Association [ (‘AAA’) ], and that any proceedings shall take place in Jefferson County, Alabama. Notwithstanding those Rules, the parties shall share equally the costs, fees, and expenses incurred by arbitration except that if the Employee is unable to pay the costs of arbitration due to financial hardship, the Employee may apply to the AAA for ‘in forma pauperis ’ status in accordance with the criteria established by the U.S. Court of Appeals for the Eleventh Circuit, or alternatively, the Employee may apply to the AAA for the use of a pro bono arbitrator or for waiver, reduction, or deferral of the AAA’s fees based upon financial hardship. The AAA shall determine whether Employee qualifies for financial hardship or waiver, reduction, or deferral of the AAA’s fees and costs.”
McClung alleges that he sustained injuries while working in the line and scope of his employment with Drennen and that he received medical treatment for those injuries. Drennen terminated McClung’s employment in January 2009.
On June 19, 2009, before a ruling had been entered on his discovery petition, McClung filed a petition for pre-action discovery in the Birmingham Division of the Jefferson Circuit Court in which he asserted that discovery was necessary before he could file a complaint against Drennen alleging retaliatory discharge. On July 8, 2009, the Bessemer Division court entered an order permitting McClung to conduct pre-action discovery.
On July 28, 2009, Drennen filed a motion for a change of venue, arguing that McClung’s petition should have been filed in the Birmingham Division of the Jefferson Circuit Court. Drennen also filed on the same date a motion to stay the proceeding in the circuit court and to require McClung to submit all disputes to binding arbitration based on the arbitration agreement. On September 8, 2009, the Bessemer Division of the Jefferson Circuit Court entered an order transferring the case to the Birmingham Division of the Jefferson Circuit Court.
On February 12, 2010, the Birmingham Division of the Jefferson Circuit Court (“the trial court”) held a hearing on pending matters, and on February 22, 2010, McClung filed an amended petition seeking pre-action discovery. In response, Drennen filed a motion to dismiss or to stay the proceeding and to compel arbitration.
On February 23, 2010, before a ruling had been entered on his discovery petition, McClung filed a complaint in the Birmingham Division of the Jefferson Circuit Court against Drennen alleging retaliatory discharge. On March 1, 2010, Drennen filed a renewed motion to dismiss and to compel arbitration in response to McClung’s filing of the complaint. In the motion, Drennen again requested that arbitration be ordered in accordance with the *595 arbitration agreement. The trial court set the motion for a hearing.
On July 16, 2010, the trial court heard arguments concerning Drennen’s motion to compel arbitration. After the trial judge recused himself and the case was reassigned, McClung filed a motion to set the case for a status conference. Drennen filed a response objecting to a status conference because its motion to compel arbitration was still pending before the trial court.
Following a status conference at which the trial court again heard arguments concerning Drennen’s motion to compel arbitration, the trial court entered an order on December 14, 2010, granting Drennen’s motion to compel arbitration, stating, in pertinent part, that “the arbitration must be completed within 90 days of the date of this Order. The parties are further ordered to appear on April 14, 2011, at 9:00 a.m. in courtroom 650 for a status update.”
McClung’s counsel proceeded to request from Drennen’s counsel through e-mail communication McClung’s employment file and a list of local arbitrators that would be acceptable to Drennen, as well as other information. Drennen’s counsel responded to these communications by e-mailing the requested information to McClung’s counsel multiple times. McClung’s counsel alleges that he did not receive these responses from Drennen’s counsel because the e-mail address Drennen’s counsel used was incorrect. Drennen’s counsel states that he used the e-mail address McClung’s counsel provided to the Alabama State Bar.
In any event, on March 3, 2011, McClung filed what he styled as a “Motion for Instructions Regarding Order Compelling Arbitration.” In the motion, McClung asserted that the December 14, 2010, order of the trial court compelling arbitration of the dispute “does not give any instructions as to whether or not [Dren-nen] will be required to pay the costs of arbitration associated with his request and Motion to Compel Arbitration which was granted by this Court.” McClung further alleged that he was “without sufficient funds to initiate an arbitration proceeding at the present time with the American Arbitration Association.” He argued that Drennen “has far greater resources to pay all costs associated with the arbitration proceeding which they, themselves, requested and were awarded against [McClung’s] objections.” Consequently, McClung asked the trial court “to clarify its Order issued December 14, 2010, ... as it pertains to which party should initiate the arbitration process” and “to require [Drennen] to pay all costs associated with the arbitration procedure which they requested and were granted against [McClung’s] objections.” McClung further requested that the trial court extend the time within which the parties must conduct the arbitration.
The following day, Drennen filed a response in opposition to McClung’s motion in which it contended that the arbitration agreement addressed and settled the issues McClung had contended needed clarification from the trial court. Drennen also observed that the trial court could not order arbitration that substantially differed from that outlined in the arbitration agreement.
On March 7, 2011, the trial court entered an order that provided as follows:
“1. The Parties are hereby ordered to submit this cause for arbitration pursuant to the Federal Arbitration Act and the contract made the subject of this dispute.
“2. Accordingly, this cause is hereby stayed pending the outcome of the aforementioned binding arbitration.
*596 “3. The Defendant, Don Drennen Motor Co., Inc., is hereby ordered to pay the costs associated with the arbitration procedure, which they requested and were granted by this Court.
“4. The time for Arbitration completion as mentioned in the December 14, 2010, order is hereby extended, for an additional 90 days, as of the date of this order.
“5. Additionally, the arbitrator and the parties are ordered to inform the Court of said outcome within 30 days of the resolution. Parties are ordered to appear on June 30, 2011, at 9:00 AM in Courtroom 650, for a status update.
“6. The previous status update scheduled for April 14, 2011, at 9:00 AM is cancelled.”
Drennen appeals from the trial court’s March 7, 2011, order insofar as it orders Drennen to pay the costs associated with the arbitration proceeding.

II. Standard of Review

“[W]e no longer review either the grant or the denial of a motion to compel arbitration by petition for a writ of mandamus. Rather, Rule 4(d), Ala. R.App. P., effective on October 1, 2001, authorizes an appeal of an order either granting or denying a motion to compel arbitration.”
Hales v. ProEquities, Inc., 885 So.2d 100, 104 (Ala.2003). Our review of the issue presented in this case is de novo. See generally Lewis v. Conseco Fin. Corp., 848 So.2d 920, 922 (Ala.2002).

III. Analysis

With admirable candor, McClung concedes in his brief that the trial court erred in its March 7, 2011, order by requiring Drennen to pay the costs of arbitration in contravention to the terms of the arbitration agreement. The arbitration agreement provided that the parties must “share equally the costs, fees, and expenses incurred by arbitration,” and it explained the procedure McClung must follow if he lacks the resources to pay his share of those expenses. Ultimately that process involves a determination that, under the terms of the arbitration agreement, is to be made by the American Arbitration Association. As Drennen notes, “ ‘[gjeneral contract law requires a court to enforce an unambiguous, lawful contract, as it is written,’ ” Drennen’s brief, p. 19 (quoting Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 35 (Ala.1998)), and “ ‘a trial court may not enter orders compelling parties to act in a manner that is inconsistent with the parties’ own arbitration agreement.’ ” Drennen’s brief, p. 19 (quoting Northcom, Ltd. v. James, 848 So.2d 242, 245 (Ala.2002)). “ ‘A trial court’s order compelling arbitration that changes the terms of the arbitration provision will be reversed when “ ‘it appears that the trial court, although it ordered the parties to arbitrate, failed to compel arbitration in a manner consistent with the terms of [the] arbitration provision.’ ” ’ ” Drennen’s brief, pp. 19-20 (quoting Bowater, Inc. v. Zager, 901 So.2d 658, 669 (Ala.2004), quoting in turn Southern Energy Homes Retail Corp. v. McCool, 814 So.2d 845, 849 (Ala.2001), quoting in turn BankAmerica Housing Servs. v. Lee, 833 So.2d 609, 618 (Ala.2002)).
The order appealed from is due to be reversed insofar as it orders Drennen to pay the entire costs of arbitration, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MALONE, C.J., and WOODALL, BOLIN, and MAIN, JJ., concur.